UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEREMIAH WILLIAMSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-01394 JAR |
| GENERAL REVENUE CORPORATION | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., was originally filed in the Circuit Court of St. Louis City, Missouri and removed to this Court on August 22, 2018. Defendant filed a motion to dismiss the case on September 28, 2018. (Doc. No. 8) On October 18, 2018, well past the deadline for responding, Plaintiff requested an extension of time to respond to Defendant's motion to dismiss. (Doc. No. 9) Defendant opposed the request because Plaintiff had not established excusable neglect to warrant the extension. (Doc. No. 12)

On October 22, 2018, the Court ordered Plaintiff to show cause why his motion for extension of time to respond should not be denied. (Doc. No. 10) Plaintiff responded that he and his counsel had been unable to communicate regarding Defendant's motion to dismiss until October 19, 2018 and that he provided his counsel with additional documents on October 22, 2018. (Doc. No. 11) Plaintiff's counsel further stated that he had neglected to properly calendar the response date for Defendant's motion to dismiss. (Id.) Plaintiff then filed, without leave, a First Amended Complaint (Doc. No. 13), which the Court ordered stricken for failure to comply with Fed. R. Civ. P. 15(a)(2) (Doc. No. 14). On October 24, 2018, the Court granted Plaintiff

1

until October 31, 2018 to file a response to Defendant's motion to dismiss or a motion for leave to amend his complaint with the proposed amended complaint attached. (Id.)

This matter is now before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. No. 15) Plaintiff contends the First Amended Complaint adds "facts and law concerning this cause of action that [he] believes will further moot" Defendant's motion to dismiss.

**Legal standard**

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Also, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(1)(2). "Unless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

**Discussion**

The Court has carefully reviewed Defendant's Motion to Dismiss, Plaintiff's original complaint, Plaintiff's Motion for Leave to File a First Amended Complaint, and Plaintiff's proposed First Amended Complaint. The Court will grant Plaintiff's Motion for Leave to File a First Amended Complaint. The Court notes that this case is in the early stages of litigation and that no Rule 16 Conference has been scheduled. Because the Court has granted Plaintiff leave to file a First Amended Complaint, the Court will deny Defendant's motion to dismiss, directed to Plaintiff's original complaint, as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [15] is **GRANTED.** The Clerk of Court shall detach and docket Plaintiff's First Amended Complaint, attached to his motion for leave as Exhibit 1.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [8] is **DENIED as moot.**

Dated this 29th day of October, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**